LARS T. FULLER (No. 141270)
SAM THAERIAN (No. 170953)
THE FULLER LAW FIRM
60 No. Keeble Ave.
SAN JOSE, CA 95126
Tel:(408)295-5595
Fax:(408)295-9852

Attorney for Plaintiff
DUNG NGOC TRAN

## U.S. BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| In Re:<br><br>    DUNG NGOC TRAN<br><br>        Debtor(s)<br>_____<br><br>DUNG NGOC TRAN<br><br>      Plaintiff(s),<br><br>    vs.<br><br>CAPITAL ONE BANK; WINN LAW<br>GROUP<br><br>      Defendant(s)<br>_____ | ) Case No.: 09-56969-ASW<br>) Adv. No.:<br>)<br>) CHAPTER 13<br>)<br>)<br>)  **COMPLAINT TO RECOVER FUNDS**<br>)  **SEIZED 11 USC 547(B) AND FOR**<br>)  **CONTEMPT FOR VIOLATION OF THE**<br>)         **AUTOMATIC STAY**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Comes Now Plaintiff Dung Ngoc Tran

Debtor/Plaintiff in the above-captioned matter and alleges as

follows:

1.     Plaintiff commenced Case No. 09-56969-ASW by filing a voluntary Chapter 13 petition in the United States Bankruptcy Court for the Northern District of California, San Jose Division on or about August 20, 2009.

2.     This is an adversary proceeding to recover funds seized, pursuant to a wage garnishment order, from Plaintiff's wages.  It is also an adversary proceeding for contempt for willful violation of the automatic stay under 11 USC §362.

3.     This Court has jurisdiction to hear these proceedings pursuant to 28 USC § 1334.  This is a core proceeding pursuant to 28 USC §157 because it involves substantive rights of the debtor.

4.     Plaintiff is informed and believes that defendant Capital One Bank is a corporation which does business in the United States and in this District.

5.     Plaintiff is informed and believes that defendant Winn Law Group is a Professional Corporation which does business in the United States and in this District.

6.     On or about July 10 and July 24, pursuant to a wage garnishment order, defendants, acting as agents, assignees, successors in interest of each other, garnished Plaintiff's wages, obtaining $716.60.

7.     This garnishment was for an antecedent debt, and within 90 days of the filing of the bankruptcy petition herein.

8.     Pursuant to 11 U.S.C. §547(b) this debt is recoverable.

9.     On September 11, 2009, and again on September 18, 2009 and September 23, 2009, Plaintiff, by and through his counsel, communicated through facsimile and/or telephonically, with defendants and/or its agents, and demanded that they return said funds.  Defendants have willfully refused to do so.

10.    Capital One Bank was scheduled as a creditor and received notice of Debtor's Bankruptcy filing.

11.    Notwithstanding notice and notwithstanding the automatic stay under 11 USC §362, on September 18, 2009, Winn Law Group, as agent for Capital One Bank, again caused to be issued a wage garnishment against Plaintiff's paycheck.  Total funds garnished from this paycheck was $443.95.  Plaintiff is informed and believes that defendants received this entire sum.

### FIRST CAUSE OF ACTION

### (Against both Defendants)

12.    Plaintiff re-alleges as though fully set forth herein the allegations set forth in paragraph 1 through 11, inclusive above.

13.    In July 2009, Defendants garnished approximately $700 from Plaintiff's paychecks.

14.    This garnishment was for an antecedent debt, and within 90 days of the filing of the bankruptcy petition herein.

15.    Pursuant to 11 U.S.C. §547(b) this debt is recoverable.

### SECOND CAUSE OF ACTION
(Against both Defendants)

16.    Plaintiff re-alleges as though fully set forth herein the allegations set forth in paragraph 1 through 15, inclusive above.

17.    Defendants had actual notice of Debtor's bankruptcy filing from the Clerk of the Court.

18.    Defendants had notice by letter from Debtor's counsel regarding debtor's bankruptcy filing.

19.    Notwithstanding 11 USC §362, Defendants have proceeded with their collection activities against Debtor.

WHEREFORE, Plaintiff prays for judgment as follows:

    a.    Against both Defendants, for turnover to the debtor of all sums garnished within 90 days of the filing of the petition;

    b.    Against both Defendants, for turnover to the debtor of all sums garnished after the filing of the petition;

    c.    Against both Defendants, for punitive damages for willful violation of the automatic stay;

    d.    An order enjoining all defendants from seizing, garnishing, levying, attaching, or in any way interfering with property rights of Debtor, or in any

other way attempting to collect pre-judgment debts of Debtor;

e.  For the costs and attorney fees incurred in bringing this action, according to proof at time of trial, but no less than $1,500;

f.  For such other and further relief as the Court may find proper.

September 25, 2009

THE FULLER LAW FIRM


By: _/s/Sam Taherian_____
    Sam Taherian
    Attorney for Plaintiff/Debtor