Brian N. Winn, Bar No. 86779
WINN LAW GROUP, A PROFESSIONAL CORPORATION
110 East Wilshire Avenue, Suite 212
Fullerton, CA 92832
Tel. (714) 446-6686
Fax. (714) 446-6680

Attorneys for Defendants,
CAPITAL ONE BANK and
WINN LAW GROUP

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>DUNG NGOC TRAN<br><br>    Debtor.<br><br>DUNG NGOC TRAN<br><br>    Plaintiff,<br>vs.<br><br>CAPITAL ONE BANK;<br>WINN LAW GROUP<br>    Defendants. | Case No. 09-56969 - ASW<br>Adv. No. 09-05255 - ASW<br>Chapter 13<br><br>ANSWER TO COMPLAINT<br>TO RECOVER SEIZED FUNDS<br>AND FOR CONTEMPT FOR<br>VIOLATION OF AUTOMATIC STAY<br>[11 U.S.C. 547]<br><br>Status Conference:<br>DATE: January 29, 2010<br>TIME:  2:15 pm<br>CTRM: 3020 / San Jose<br>JUDGE: Hon. Arthur S. Weissbrodt<br>Adv. Complaint filed: 9/29/9 |

Defendants, CAPITAL ONE BANK and WINN LAW GROUP (hereinafter "Defenndants") answer the complaint of Debtor/Defendant, DUNG NGOC TRAN, as follows:

COMMON ALLEGATIONS

1. This Court has jurisdiction to hear and determine the issues pled herein under 28 U.S.C. § 1334, §157(b)(1) and §157(b)(2)(F) as a core proceeding, but Defendants deny Plaintiff's standing for action and good faith when funds are not claimed exempt and minimal payments of $137.00 per month for 37 months proposed in chapter 13 plan that do not amount to best efforts of the debtor.

Answer/AP 09-05255    1

Case: 09-05255   Doc# 7   Filed: 10/22/09   Entered: 10/22/09 16:47:32   Page 1 of 6

Brian N. Winn, Bar No. 86779
WINN LAW GROUP, A PROFESSIONAL CORPORATION
110 East Wilshire Avenue, Suite 212
Fullerton, CA 92832
Tel. (714) 446-6686
Fax. (714) 446-6680

Attorneys for Defendants,
CAPITAL ONE BANK and
WINN LAW GROUP

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

In re:

DUNG NGOC TRAN

    Debtor.

DUNG NGOC TRAN

    Plaintiff,
vs.

CAPITAL ONE BANK;
WINN LAW GROUP
    Defendants.

Case No. 09-56969 - ASW
Adv. No. 09-05255 - ASW
Chapter 13

ANSWER TO COMPLAINT
TO RECOVER SEIZED FUNDS
AND FOR CONTEMPT FOR
VIOLATION OF AUTOMATIC STAY
[11 U.S.C. 547]

Status Conference:
DATE: January 29, 2010
TIME: 2:15 pm
CTRM: 3020 / San Jose
JUDGE: Hon. Arthur S. Weissbrodt
Adv. Complaint filed: 9/29/9

    Defendants, CAPITAL ONE BANK and WINN LAW GROUP (hereinafter "Defenndants") answer the complaint of Debtor/Defendant, DUNG NGOC TRAN, as follows:

### COMMON ALLEGATIONS

    1. This Court has jurisdiction to hear and determine the issues pled herein under 28 U.S.C. § 1334, §157(b)(1) and §157(b)(2)(F) as a core proceeding, but Defendants deny Plaintiff's standing for action and good faith when funds are not claimed exempt and minimal payments of $137.00 per month for 37 months proposed in chapter 13 plan that do not amount to best efforts of the debtor.

Answer/AP 09-05255    1

2. Defendants admit the allegations contained in paragraphs 1, 2, 3, 4, 5, 7, 10 and 18, of the Complaint.

3. Defendant denies the allegations contained in paragraphs 8, 9, 12, 13, 15, 16, 17, and 19 of the Complaint, each of them, all and singular, collectively and individually, generally and specifically, conjunctively and disjunctively.

4. As to paragraphs 6, 11, 14 and 18, Defendants admit a garnishment was sent to the Sheriffs prior to August 20, 2009, pre-petition and funds garnished as set forth in the audit report attached as **Exhibit "A"**, however, Defendants terminated the levy upon notice and returned all funds to Plaintiff received after the filing date of the petition on August 20, 2009 ($368.17 sent by sheriff to creditor on August 27, 2009, $387.01 sent on September 22, 2009 and $393.14 sent on September 23, 2009). The only funds not returned to the debtor / Plaintiff was the $348.43 sent by sheriff on August 14, 2009.

5. Defendant denies that the Plaintiff/Debtor is entitled to any relief requested in the Prayer of the Complaint.

## AFFIRMATIVE DEFENSES

### AS A FIRST, SEPARATE, AND FURTHER AFFIRMATIVE DEFENSE

6. Debtor is estoped from asserting an Avoidable Transfer, if any were made, due to its conduct with Defendants, and lack of good faith in proposing plan and prosecuting adversary proceeding.

### AS A SECOND, SEPARATE, AND FURTHER AFFIRMATIVE DEFENSE

7. Plaintiff acted promptly and in good faith terminated the wage levy upon receipt of notice of the bankruptcy proceeding from Plaintiff. See **Exhibit "B"** attached hereto.

///

Answer/AP 09-05255    2
Case: 09-05255    Doc# 7    Filed: 10/22/09    Entered: 10/22/09 16:47:32    Page 3 of 6

## AS A THIRD, SEPARATE, AND FURTHER AFFIRMATIVE DEFENSE

8. As a separate affirmative defense, and while Defendants deny that they received an avoidable Transfer, if the Transfer was made, it was for a debt incurred by the Debtor in the ordinary course of business between the Debtor and CAPITAL ONE BANK and perfected under state law by the issuance of a lien that relates back to the entry of the judgment, prior to the 90 days preceding the filing of the chapter 13 petition by Plaintiff.

## AS A FOURTH, SEPARATE, AND FURTHER AFFIRMATIVE DEFENSE

9. As a separate affirmative defense, and while defendants deny that it received an avoidable Transfer, if the Transfer was made, Defendants refunded the garnished funds to the Defendants, but for the funds garnished and deposited prior to the imposition of the automatic stay.

## AS A FIFTH, SEPARATE, AND FURTHER AFFIRMATIVE DEFENSE

10. As a separate affirmative defense, and while Defendants deny that it received an avoidable Transfer, if the Transfer was made, it did not enable Defendant to receive more than it would have received in a Chapter 7 proceeding, pursuant to the provisions of 11 U.S.C. §101 et seq. The Debtor is therefore precluded from recovering the alleged Transfer as a voidable preference.

## AS A SIXTH, SEPARATE, AND FURTHER AFFIRMATIVE DEFENSE

11. Plaintiff fails to assert facts sufficient to constitute a cause of action for which relief can be granted.

///

///

### AS A SEVENTH, SEPARATE, AND FURTHER AFFIRMATIVE DEFENSE

12. Plaintiff has waived any rights to assert an Avoidable Transfer by its own actions, intentional, fraudulent, reckless, wrongful, or negligent acts or omissions, including failure to mitigate.

### AS AN EIGHTH, SEPARATE, AND FURTHER AFFIRMATIVE DEFENSE

13. Plaintiff has acted with intentionally, fraudulent, reckless, wrongful, or negligent acts, omissions, statement, representations, or promises, express or implied, thereby Plaintiff is barred by laches from asserting this action against the Defendant.

### AS A NINTH, SEPARATE, AND FURTHER AFFIRMATIVE DEFENSE

14. The amount received from the pre-petition garnishment was only $348.43 and less than the amount set by section 11 U.S.C. section 547 (c)(8) as a threshold for preference actions. Therefore this Court should dismiss the action.

### AS A TENTH, SEPARATE, AND FURTHER AFFIRMATIVE DEFENSE

15. Plaintiff is barred by the doctrine of unjust enrichment from obtaining any relief from or against Defendants.

### AS A ELEVENTH, SEPARATE, AND FURTHER AFFIRMATIVE DEFENSE

16. Plaintiff's relief, if any, is barred because Defendants did not attempt to collect a debt after receiving notice of the bankruptcy, but in fact they refunded to the debtor funds garnished pre-petition but not received from the sheriffs' office until post-petition.

///

WHEREFORE, Defendants, Capital One Bank and Winn Law Group respectfully request that :

1. The Plaintiff/Debtor's Complaint against Defendants be dismissed;

2. The Debtor recover nothing by reason of its Complaint to Recover Preferential Transfers, and any of the claims it has asserted or could have asserted against Defendants in this proceeding;

3. All costs of suit be taxed against the Debtor; and

4. Defendants be awarded attorney fees due to the lack of good faith and valid legal basis for this adversary proceeding, or awarded pursuant to the contractual right to attorney fees;

5. In the event the underlying chapter 13 case is dismissed, Defendants are entitled to an order returning to Defendants the refunded payments; and,

6. Defendants have all such other and further relief to which it may be justly entitled.

Dated: October 21, 2009         WINN LAW GROUP, A P.C.

*[signature]*

Brian N. Winn,
Attorney for Defendants