Brian N. Winn (State Bar No. 86779)
Laura McCarthy Hoalst (State Bar No. 101082)
*WINN LAW GROUP, A Professional Corporation*
The Chapman Building
110 E. Wilshire, Suite 212
Fullerton, CA 92832
(714) 446-6686   Fax No. (714) 446-6680

Attorney for Movant
Wescom Credit Union

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| Dung Ngoc Tran,<br><br>　　　　　　　Debtor. | Case No. 09-56969 ASW<br>Chapter 13<br>Case No. 09-5255 |
| Dung Ngoc Tran,<br>　　　　　　　Plaintiff,<br>vs.<br>Capital One Bank;<br>Winn Law Group,<br>　　　　　　　Defendants. | DEFENDANTS' CASE MANAGEMENT CONFERENCE STATEMENT<br><br>Hearing:<br>January 29, 2010<br>2:15 pm<br>Courtroom 3020<br><br>Set for Telephonic Appearance |

TO THE HONORABLE ARTHUR S. WEISSBRODT, UNITED STATES BANKRUPTCY JUDGE:

Defendants, Capital One Bank and Winn Law Group, hereby submits this separate statement as to their position in this adversary proceeding.

A. Meet and Confer Date: January 25, 2009, with prior correspondence between counsel.

B. Defendants' legal contentions and summary of facts.

　　1. <u>Preference action under 11 USC 547b</u>

Defendants contend that there is a defense to the preference action under section 547 (c)(8). The only funds that defendants have not been refunded to the debtor is $348.43.

All funds received by Winn Law Group from the sheriff after the filing date were returned to the debtor. The August 5, 2009 wage levy in the amount of $368.17 was refunded to the debtor because it was received by Winn Law Group APC on September 1, 2009, after the bankruptcy petition had been filed. The only funds not returned were the funds received on August 19, 2009 for the July 10, 2009 levy in the amount of $348.43. Any other funds were refunded or are in the process of being refunded by the sheriff direct to the debtor based upon the specific instructions to refund any monies held or received after August 20, 2009.

2. Summary of Facts:

Defendant, Capital One Bank, is a defendant and creditor of the debtor in this proceeding. Winn Law Group is its counsel, both in the state court collection action and this adversary proceeding. Capital One obtained a judgment for $19,735.10 entered on October 3, 2007. On or about May 22, a Writ of Execution (Money Judgment) was granted. On June 2, 2009, Plaintiff requested the sheriff enforce the levy on the defendant's wages by order by Application for a Earnings Withholding Order (Wage Garnishment). Pursuant to the levy, debtor's employer withheld and sequestered funds, remitting them to the sheriff. The Sheriff's accounting provides the following receipts and disbursements:

| Levy* | Sheriff Receipt from Employer | Received by WLG | Refund |
|---|---|---|---|
| 7/10/9 | 7/24/9 $ 348.43 | 8/19/9 $338.43 | No |
| 7/24/9 | 8/5/9 $ 368.17 | 8/24/9 $358.17 | 10/5/9 (WLG) |
| 9/11/9 | 8/18/9 $387.01 | 9/28/9 $377.01 | 10/5/9 (WLG) |
| 9/18/9 | 9/2/9 $393.14 | 9/28/9 $383.14 | 10/5/9 (WLG) |
| 9/23/9 | 9/22/9 $401.91 | Not received | 10/14/9 $401.91 Shrff |
| | 10/7/9 $385.95 | Not received | Pending from sheriff |

* Dated of garnishment alleged by Plaintiff in the adversary complaint.

Debtor filed a chapter 13 petition on August 20, 2009. Debtor originally did not exempt any wage claim but amended his schedules on January 11, 2010 to exempt $716.00 "Right to recover 716.00 from Capital One (A)."

On Friday, September 11, 2009, Defendant Winn Law Group received a recall from

Defendants' Case Management Conference Statement    Page 2

Capital One to cease collection. Winn Law Group verified on pacer that a bankruptcy had been filed. On Monday, September 14, 2009, Winn Law Group sent a termination of the wage levy to the sheriff's with specific instructions to release any funds to the debtor.

Defendants received funds from the sheriff pursuant to the wage levy and refunded the sum of $1,118.32 to Plaintiff. The Sheriff released $401.91 to the Plaintiff as a result of the termination of the wage levy. The only remaining funds in dispute are $338.43 received prior to the filing of the chapter 13 proceeding. All funds received after the filing of the petition ($1,118.32) have been returned to the defendant, in care of his attorney and the check cashed.

The adversary complaint was filed on September 29, 2009 and an answer filed for the defendants.

2. Violation of 11 USC 362

Plaintiff asserts that Defendants proceeded with collection efforts after the filing of the case. Defendants received notice of the filing on Friday, September 11, 2009. A Notice of Termination of the Earnings Withholding Order was prepared on Monday, September 14, 2009 and sent to the Sheriff's office, terminating the order effective August 20, 2009. The termination notice further read:

"PLEASE DO NOT WITHHOLD OR REMIT ANY MONEY ON THIS LEVY,
ANY MONIES BEING HELD BEFORE OR AFTER 08/20/09 SHOULD BE
RETURNED TO THE DEFENDANT". (Referring to Tran/ Plaintiff herein).
Therefore Defendants acted promptly to terminate the wage levy and did not proceed with any collection activities after being notified of the bankruptcy filing on September 11, 2009.

3. Bad Faith Nature of the Litigation

The confirmed chapter 13 plan provides $130.00 for 60 months, with priority legal fees of $3,050 awarded debtor's counsel. The debtor's refusal to dismiss the litigation unless attorney fees are paid has merely increased the fees, without any reasonable attempt to

mitigate the damages. Debtor could have delivered a copy of the bankruptcy petition to the employer's payroll department or the sheriff department himself. Winn Law Group acted promptly to terminate the wage levy upon notice of the bankruptcy and cannot control the sheriff's failure to follow the instructions to terminate the wage levy.

    C.   Defendants admit that this adversary is a core proceeding relating to the underlying bankruptcy proceeding, 09-56969 filed on August 20, 2009. There is no objection to jurisdiction and venue.

    All defendants have responded by answer.

    D.  Discovery and Pre-Trial Motions:

    Defendants have responded to Plaintiff's sets of discovery and does not intend to propound discovery.

    Defendants intend to file a motion for summary judgment, that can be filed within 30 days.

    E.  Estimated Time of Trial and desired trial date: 2 hours.

    F.  Alternative dispute resolution: Not practical because any liability is disputed and Defendants contend action merely attempt to recover attorney fees.

    G. A statement by any non-governmental corporate party to this action identifying all its parent corporations and listing any publicly-held company that owns 10% or more of the party's stock. This information has been requested from Defendant, Capital One Bank and will be submitted upon receipt. Winn Law Group is a Professional Corporation, and does not have any parent company, nor any publicly-held company owning stock.

Dated: January 25, 2010

                                        WINN LAW GROUP, APC

                                        Brian N Winn,
                                        Counsel for Defendants
                                        Capital One Bank and

## PROOF OF SERVICE

I am employed in the County of Orange. My business address is 110 E. Wilshire Avenue, Suite 212, Fullerton, CA 92832, where the mailing occurred. I am over the age of 18 years and am not a party to this cause. I am readily familiar with the practices of the Law Offices of WINN LAW GROUP, A Professional Corporation for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business.

On January 25, 2010, I served the documents in this action bearing the title:

DEFENDANTS' CASE MANAGEMENT CONFERENCE STATEMENT

by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Plaintiff's Counsel:

Sam Thaerian
The Fuller Law Firm
60 No. Keeble Ave.
San Jose, CA 95126

Trustee:

Devin Derham-Burk
PO Box 50013
San Jose, CA 945150-0013

Office of the US Trustee
US Federal Bldg
280 S 1st St #268
San Jose, CA 95113-3004

Courtesy Copy of Chambers:

US Bankruptcy Court
Attn: Tanya Bracegirdle / Judge Weissbrodt
280 S First Street
San Jose CA 95113-3008

I placed such envelope for collection and mailing on this date following ordinary business practices.

Executed on January 25, 2010, at Fullerton, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_/s/ Sarah Peck_
Sarah Peck